UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACQUES CHARREIRE BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3217 |
| | ) | |
| DEBRA FUQUA and | ) | |
| JANE DOES, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, pursues claims arising from Defendants' failure to administer medicine prescribed for his severe sinus headaches. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

The events occurred in October, 2010, in Western Illinois Correctional Center, where Plaintiff remains incarcerated.

On October 6, 2010, Plaintiff received a prescription to treat severe sinus headaches. He was to take one pill at night, for ten days. However, when he arrived at the med-line that evening, an unidentified nurse told him that his medicine was not on the cart. She promised to put his medicine on the cart when she returned to healthcare and that Plaintiff would receive the medicine in the morning. Plaintiff endured

excruciating pain during the night, only to find in the morning that the medicine was still not on the cart.  Another unidentified nurse told him that she would make sure the medicine was on the cart for that evening, but again Plaintiff did not receive his medicine that evening.  This continued despite Plaintiff's complaints of excruciating pain and pleas for his medicine.  On October 17, 2010, Plaintiff tried again and was told that his prescription had expired.  Plaintiff informed the nurse that he had never actually received the medicine.  The nurse promised to look into the matter, and the next night, on October 18, 2010, Plaintiff finally received his medicine.

## ANALYSIS

Plaintiff's claim falls under the Eighth Amendment to the Constitution, which prohibits cruel and unusual punishment.  In the context of medical care for prisoners, cruel and unusual punishment occurs when a Defendant is deliberately indifferent to a serious medical need of a prisoner:

> A prisoner's claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an

official's deliberate indifference to that condition." *Arnett*, 658 F.3d at 750. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." Id. at 751.

Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012). A condition can be considered serious if, without treatment, the plaintiff suffered "'further significant injury or unnecessary and wanton infliction of pain.'" Id. "Even a few days' delay in addressing a severely painful but readily treatable condition suffices to state a claim of deliberate indifference." Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir.2012).

Plaintiff states an arguable claim for deliberate indifference to his need for his sinus medicine. While negligent acts do not arise to deliberate indifference, Plaintiff repeatedly sought his medication over the course of ten days, each time being assured that the medicine would be provided. A plausible inference of deliberate indifference arises given the length of the deprivation and the Defendants' alleged knowledge of the problem.

Plaintiff names several "Doe" defendants. The Court cannot serve

unidentified Defendants. If Plaintiff is unable to obtain the names of the Defendants, he should serve Defendant Fuqua with discovery requests once she has appeared in the case. However, Plaintiff should be aware that his claim is governed by a two year statute of limitations. *See* Gomez v. Randle, 680 F.3d 859, 863 n. 1 (7th Cir. 2012)("A plaintiff's lack of knowledge about a defendant's identity is not a "mistake" within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity. . . . Accordingly, once the statute of limitations period expires, [a plaintiff] cannot amend his complaint to substitute a new party in the place of 'John Doe.'" Gomez v. Randle, 680 F.3d 859, 864 n.1 (7th Cir. 2012).

IT IS THEREFORE ORDERED:

    1) The merit review scheduled for September 17, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

    2)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim

for deliberate indifference to his serious medical needs.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    3) The Clerk is directed to send to each identified Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

    4)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This

information shall be used only for effecting service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's

counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 15, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in

dismissal of this lawsuit, with prejudice.

ENTERED: September 11, 2012

FOR THE COURT:

                                        <u>s/Sue E. Myerscough</u>
                                        SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE